UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTHONY BLEDSOE,

                    Plaintiff,

       v.

DELTA AIR LINES, INC.,

                  Defendant.

**MEMORANDUM & ORDER**
23-CV-03146 (HG) (JAM)

**HECTOR GONZALEZ**, United States District Judge:

The Complaint in this action was filed originally in New York State Supreme Court, Queens County, on March 31, 2023. ECF No. 1-2 (Complaint). *Pro se* Plaintiff Anthony Bledsoe alleges that Defendant Delta Air Lines, Inc., discriminated against him on the basis of his race, sexual orientation, and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code 8-101 *et seq.* ECF No. 1-2 ¶ 1.[1] Plaintiff also alleges wage and hour violations, which the Court construes as claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendant removed the case to this Court on April 26, 2023. ECF No. 1 (Notice of Removal). On May 3, 2023, Defendant filed a pre-motion letter requesting a conference in anticipation of filing a motion to dismiss. ECF No. 4 (Delta's Pre-Motion Conference Letter). On May 4, 2023, the Court denied Delta's request for a conference and instead granted Plaintiff leave to file an amended complaint. In that Order, the Court

---

[1]       The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

advised Plaintiff that Defendant's pre-motion letter "identifies several likely legal deficiencies in the Complaint," and granted him permission "to file an amended complaint by June 5, 2023 to cure these alleged legal deficiencies if he is inclined to do so."  May 4, 2023, Text Order. Plaintiff did not amend his Complaint, and the instant motion followed.  ECF No. 5 (Delta's Notice of Motion); ECF No. 6 (Delta's Memorandum of Law).  For the reasons set forth herein, the Complaint is dismissed with prejudice.

## BACKGROUND[2]

Plaintiff was hired by Defendant as a Ramp Agent on April 4, 2022.  ECF 1-2 ¶ 8.  After completing his training a few weeks later, *id.* ¶ 9, Plaintiff first reported to work in late May 2022, *id.* ¶ 16.  On May 28, 2022, his third day on the job, *id.* ¶ 17, Plaintiff was involved in an altercation with other Delta employees while checking his shift assignment at a computer in a breakroom, *id.* ¶ 23.  During the altercation, one of the employees pushed Plaintiff away from the computer Plaintiff was using, and a second employee called Plaintiff a "faggot."  *Id.*  Others gathered around Plaintiff and started shouting.  *Id.*  Following this incident, Delta apparently suspended Plaintiff in some form and, after conducting an investigation, fired him.  *Id.* ¶¶ 25, 30, 34; ECF No. 7 at 10.  On July 29, 2022, Defendant sent Plaintiff a letter informing him that following "a complete and thorough review of [his] employment situation, including [his]

---

[2]     For the purposes of this motion, the Court accepts as true the well-pleaded allegations of the Complaint, ECF No. 1-2, as well as the additional allegations raised by Plaintiff in his Opposition to the motion to dismiss, ECF No. 7 ("Opposition").  Although the general rule is that a plaintiff may not raise new allegations in his opposition to a motion to dismiss, because Plaintiff is representing himself, the Court will consider both the allegations in the Complaint and in Plaintiff's Opposition in deciding the motion.  *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *Guzman v. Barr*, No. 19-cv-7163, 2021 WL 135909, at *2 (S.D.N.Y. Jan. 14, 2021) ("In addition to what is contained in the complaint, the Court may consider factual statements made in a *pro se* plaintiff's opposition to a motion to dismiss.").

history . . . at Delta and the reasons for [his] suspension and employment review . . . . the decision ha[d] been made to end [his] employment."  ECF No. 1-2 at 38 (Ex. H to Complaint). This action followed.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against the defendant so that it has adequate notice of the claims against it. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.*  To satisfy this standard, the complaint must, at a

---

[3]     Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

## DISCUSSION

### I.   Plaintiff Has Failed to Plead Sufficiently That He Was Discriminated Against Because of His Race or Sexual Orientation

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision," which can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega v. Hempstead Union Sch. Dist.*, 801 F.3d 72, 86–87 (2d Cir. 2015).

The NYSHRL prohibits an employer from, *inter alia*, "discharg[ing] from employment" or "discriminat[ing] against [an] individual in compensation or in terms, conditions or privileges of employment" "because of" an individual's race, sexual orientation, or disability. N.Y. Exec. Law § 296(1)(a); *see also id.* §§ 292(21), (27), (37) (defining these terms). The NYCHRL contains similar prohibitions against discrimination "because of the actual or perceived" race, sexual orientation, or disability of a person. N.Y.C. Admin. Code § 8-107(1)(a). In view of the NYCHRL's broad construction in favor of plaintiffs asserting discrimination claims, the Court "must analyze NYCHRL claims separately and independently from any federal and state law claims." *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). Historically, the NYSHRL's liability standard was coextensive with Title VII's, but

recent amendments to the statute set it at a level either "identical" to or at least "closer" to the NYCHRL.  *See Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 578 (S.D.N.Y. 2023). Accordingly, if Plaintiff fails to state a claim even under the most lenient NYCHRL, his claim will similarly fail under the NYSHRL.  *See id.*; *see also Lettieri v. Anti-Defamation League Found.*, No. 22-cv-9889, 2023 WL 5152447, at *4 (S.D.N.Y. Aug. 10, 2023) (on a motion to dismiss, if NYCHRL claims fail, "parallel claims under Title VII and the NYSHRL fail, as well").

At the pleading stage, under Title VII, a plaintiff does not need to allege specific facts establishing each element of a *prima facie* case of discrimination.  *Vega*, 801 F.3d at 86–87.  But a complaint must have facts that "plausibly suppor[t]" that "the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Johnson v. Andy Frain Servs., Inc.*, 638 F. App'x 68, 70 (2d Cir. 2016); *see also Littlejohn v. City of New York*, 795 F.3d 297, 309–10 (2d Cir. 2015) (an employment discrimination complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face).  Under the more relaxed NYCHRL, "a plaintiff need only show differential treatment of any degree based on a discriminatory motive."  *See Keles v. Davalos*, 642 F. Supp. 3d 339, 376 (E.D.N.Y. 2022). Still, the NYCHRL is "not a general civility code," and a plaintiff must still sufficiently allege that a defendant had a discriminatory motive, or, in other words, "treated [him] less well at least in part because of his protected characteristic[s]."  *See Syeed v. Bloomberg, L.P.*, 568 F. Supp. 3d 314, 337 (S.D.N.Y. 2021); *Moore v. Hadestown Broadway Ltd. Liab. Co.*, No. 23-cv-4837, 2024 WL 989843, at *5–6 (S.D.N.Y. Mar. 7, 2024) (applying the NYCHRL's "lenient pleading

standard" to NYSHRL claims).  For the reasons stated herein, all of Plaintiff's allegations fall below even this minimal floor.

With respect to his claim of discrimination based on sexual orientation, Plaintiff makes a non-specific assertion of discrimination in the form of an "anti-gay environment" at Delta, ECF No. 1-2 ¶ 30, and points to the May 28, 2022, altercation during which an unidentified coworker called him a "faggot."  *Id*. ¶ 23.  Neither of these allegations is sufficient to sustain a claim of discrimination under Title VII.  The claim of an "anti-gay environment" is conclusory and unsupported by any other allegation in either the Complaint or the Opposition.  The use of the epithet by a non-managerial, unidentified coworker, that is otherwise unconnected to the adverse employment action, is not enough to permit the Court to infer that Delta's termination of Plaintiff was motivated by a discriminatory intent.  *Dixon v. Int'l Fed'n of Accts.*, 416 F. App'x 107, 110 (2d Cir. 2011) ("isolated derogatory remark" made by someone with no role in plaintiff's termination not enough to support claim of discrimination); *Cincotta v. Hempstead Union Free Sch. Dist.*, 313 F. Supp. 3d 386, 406 (E.D.N.Y. 2018) (statements from "lower-level employees who did not have decision-making authority" do "not give rise to an inference of discrimination").  At bottom, another employee's derogatory remark is insufficient for Plaintiff to state a discrimination claim because the remark is "without link to the adverse employment action taken against [Plaintiff]."  *See Abada v. Delta Air Lines, Inc.*, No. 21-123, 2022 WL 894704, at *2 (2d Cir. Mar. 28, 2022).  Even under the more relaxed state and local law standard, Plaintiff's "fail[ure] to allege any facts that can support an inference of discriminatory intent" by Delta demands dismissal the NYSHRL and the NYCHRL claims.  *See Moore v. City of New York*, No. 15-cv-6600, 2017 WL 35450, at *22 (S.D.N.Y. Jan. 3, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 1064714 (S.D.N.Y. Mar. 20, 2017); *see Abada*, 2022

WL 894704, at *2 (affirming dismissal of NYCHRL claim because of failure to allege that defendant acted with a "discriminatory motive").

Plaintiff's race discrimination claim fares no better.  The Complaint and Opposition are completely silent with respect to any action or comment on the part of Defendant that in any way implicates race in the decision to terminate him.  *See De La Pena v. Metro. Life Ins. Co.*, 552 F. App'x 98, 100 (2d Cir. 2014) ("[B]ald assertions of discrimination—unsupported by any meaningful comments, actions, or examples of similarly-situated persons outside of plaintiff's protected class being treated differently—[are] implausible and insufficient to survive a motion to dismiss.")  Because Plaintiff "fails to allege facts that support an inference that [his] race was a motivating factor" in Delta's alleged discrimination, his claim must be dismissed.  *Durand v. Excelsior Care Grp. LLC*, No. 19-cv-2810, 2020 WL 7246437, at *6 (E.D.N.Y. Dec. 9, 2020) (explaining that "courts in this Circuit have dismissed Title VII claims" "[w]here a plaintiff fails to provide facts supporting an inference that his . . . race was a motivating factor in the employment decision," and collecting cases).  Even under the NYSHRL and the NYCHRL, Plaintiff's failure to "plead[] facts providing even minimal support for the inference that his race played a role in [Delta's] decision to terminate his employment" fails to state a claim.  *See Smalls v. Amazon.com Servs. LLC*, 2022 WL 356432, at *3 (E.D.N.Y. Feb. 7, 2022) (dismissing NYSHRL and NYCHRL claims), *aff'd*, No. 22-615, 2022 WL 17491259 (2d Cir. Dec. 8, 2022).

### A.  Plaintiff Fails to State a Hostile Work Environment Claim

To the extent that Plaintiff is asserting a claim for a hostile work environment based on his sexual orientation or race, that claim also fails.  Under Title VII, "a plaintiff must show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an

abusive working environment.'" *Littlejohn*, 795 F.3d at 320–21 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).  "The Second Circuit has held that 'proving the existence of a hostile work environment involves showing both objective and subjective elements:  the misconduct shown must be severe or pervasive enough to create an objectively hostile or abusive work environment, and the victim must also subjectively perceive that environment to be abusive.'"  *See LaFontant v. Mid-Hudson Forensic Psychiatric Ctr.*, No. 18-cv-23, 2023 WL 6610764, at *8 (S.D.N.Y. Oct. 10, 2023) (quoting *Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004)).

Plaintiff's allegations fall far below the "severe and pervasive" standard needed to state a hostile work environment claim.  Plaintiff's only non-conclusory allegation to support a hostile work environment claim relates to a single incident in which a coworker used a derogatory remark.  *See* ECF No. 1-2 ¶ 23.  But under Title VII, "[i]ncidents must be more than 'episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'"  *Id.* (quoting *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002)).  Plaintiff's allegation of a single remark by a non-supervisory coworker is insufficient to state a hostile work environment claim.  *See Paul v. Postgraduate Ctr. for Mental Health*, 97 F. Supp. 3d 141, 168 (E.D.N.Y. 2015) (collecting cases).[4]  Further, Plaintiff makes no allegation which would allow the Court to

---

[4]     Separately, Plaintiff fails to plead that the "single incident" in which his coworker used a homophobic slur was "extraordinarily severe" so as to state a hostile work environment claim under Title VII.  *See Banks v. Gen. Motors, LLC*, 81 F.4th 242, 263 (2d Cir. 2023). "[A]lthough undoubtedly offensive," Plaintiff's single allegation about a coworker's—not a supervisor's—use of a slur, "do[es] not rise to the level of an extraordinarily severe incident."  *See Chanasamone v. IBEW Loc. 97*, 523 F. App'x 820, 823 (2d Cir. 2013); *see also Harris*, 510 U.S. at 370 ("[M]ere utterance of an epithet . . . which engenders offensive feelings in an employee, does not sufficiently affect the conditions of employment to implicate Title VII."); *Gamble v. Fieldston Lodge Nursing & Rehab. Ctr.*, No. 23-cv-10388, 2022 WL 1778488, at *3 (S.D.N.Y. June 1, 2022) (dismissing Title VII hostile work environment claim where coworkers made "insensitive and offensive" comments to plaintiff after learning that she was a lesbian, and an

impute his coworker's allegedly discriminatory conduct to Delta under Title VII.  *See Bentley v. AutoZoners, LLC*, 935 F.3d 76, 90–91 (2d Cir. 2019).  To the extent that Plaintiff attempts to do so by alleging that Delta acted negligently "upon becoming aware of the misconduct, [but] fail[ing] to remedy it," *see id.* at 91, Plaintiff undermines his claims with his own allegations that Delta management immediately intervened after the incident he complains of, ECF No. 1-2 ¶ 23, and responded to the allegations he raised directly to Delta's CEO, *id.* at 28 (Ex. E to Complaint).

Plaintiff also fails to state a claim for a hostile work environment under the NYSHRL or the NYCHRL.  Neither the NYSHRL nor the NYCHRL has a separate standard for when a plaintiff proceeds on a hostile work environment theory.  *See Hadestown*, 2024 WL 989843, at *5–6.  Rather, a plaintiff need only adequately plead that he was "treated less well at least in part because of h[is] membership in a protected class."  *Id.*  Even here, though, Plaintiff must plead that Defendant treated him less well on the basis of his sexual orientation or race.  *See Lettieri*, 2023 WL 5152447, at *7.  As already discussed, because Plaintiff fails to adequately allege that Delta did so on the basis of his race or sexual orientation, any hostile work environment claim must fail under the NYSHRL and the NYCHRL.  *See Charles v. City of New York*, No. 21-cv-5567, 2023 WL 2752123, at *8–9 (S.D.N.Y. Mar. 31, 2023) (dismissing NYSHRL and NYCHRL hostile work environment claims).  Further, under these statutes, too, Plaintiff fails to adequately allege facts which would permit imputation of his coworker's discriminatory remark to his former employer.  *See id.* at *7 ("Under the NYSHRL, an employer is not liable for the acts of its employee unless the employer became a party to it by encouraging, condoning, or

---

administrator used the word "faggot" several times, albeit outside of plaintiff's presence, and collecting cases).

approving it."); N.Y.C. Admin. Code § 8-107(13)(b) (providing for employer liability only where the employee "exercised managerial or supervisory responsibility," "[t]he employer knew of the employee's . . . discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action," or "[t]he employer should have known of the employee's . . . discriminatory conduct and failed to exercise reasonable diligence to prevent [it]").  As previously discussed, Plaintiff's race-based claim, for which he alleges no factual support, must also fail under a hostile work environment rubric.

At bottom, rather than alleging a hostile work environment, Plaintiff makes many allegations expressing concerns with the management of his former workplace.  *See, e.g.*, ECF No. 1-2 ¶ 19 ("[T]he environment (for new hires) [was] not at all friendly and approachable and professional."); *id.* at 26 ("The environment was very anti-gay and ribboned with toxic masculinity."); *id.* (stating that a manager's "behavior and professionalism can be described as substandard"); ECF No. 7 at 9 (alleging "incompetence and ineptitude" on the part of Delta management, and that his workplace was "hostile [and] disorganized").  Critically, however, he fails to allege that the workplace was "permeated with *discriminatory* intimidation," *Littlejohn*, 795 F.3d at 320–21 (emphasis added), and his allegations related to "abrasive relations" in the workplace, without more, are insufficient to state a Title VII hostile work environment claim.  *See Woods v. Enlarged City Sch. Dist. of Newburgh*, 473 F. Supp. 2d 498, 522–53 (S.D.N.Y. 2007), *aff'd*, 288 F. App'x 757 (2d Cir. 2008); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) ("Title VII . . . does not set forth a general civility code for the American workplace.").  Under the NYSHRL and the NYCHRL, too, Plaintiff fails to state a claim based on the "generalized hostility [and] generally uncivilized behavior" of which he complains.  *See Lettieri*, 2023 WL 5152447, at *7.

### B. *Plaintiff Fails to State a Disparate Treatment Claim*

Plaintiff appears to raise a claim based on disparate treatment when he alleges that Delta "treated [him] different[ly] as compared to their heterosexual, African[-]American and non-African[-]American, non-disabled employees with respect to their terms and conditions of employment." ECF No. 1-2 ¶ 37. That allegation, though, is entirely conclusory. *See Iqbal*, 556 U.S. at 678. Plaintiff also alleges that after the workplace altercation, he was suspended "while . . . a non-homosexual employee, who assaulted [P]laintiff[,] and the rest of the black, non-homosexual and non-black homosexual male gendered employees were able to work." ECF No. 7 at 10; *see also id.* at 12. This allegation is insufficient to permit the Court to infer discrimination based on a comparator, who was similarly situated but did not suffer a similar adverse action to Plaintiff, because Plaintiff fails to adequately plead that the comparators were "similarly situated in all material respects to the individuals with whom []he seeks to compare [him]self." *See Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003). Rather, Plaintiff's "disparate treatment claim is entirely devoid of any details regarding the purported comparators," and his "generalities will not get [him] over the *Twombly/Iqbal* plausibility hurdle." *See Perez v. City of New York*, No. 23-cv-00447, 2024 WL 898943, at *7 (S.D.N.Y. Feb. 29, 2024); *Kronemberg v. Winthrop Univ. Hosp.*, No. 15-cv-3235, 2016 WL 2939153, at *5 (E.D.N.Y. May 19, 2016) (allegation that "defendants discriminated against [plaintiff] by supervising her in a harsher manner than similarly situated White employees" was insufficient to state a claim because it did not adequately allege how other employees were similarly situated with regard to the alleged discriminatory treatment of plaintiff). As under Title VII, Plaintiff's "general and conclusory" allegations about his coworkers are fatal even under the more liberal NYSHRL and NYCHRL standards. *See Cruz v. SEIU Loc. 32BJ*, No. 19-cv-11836, 2021 WL 3604661, at *5–6

(S.D.N.Y. Aug. 12, 2021) (denying motion to dismiss disparate treatment claim under the NYSHRL and the NYCHRL where plaintiff specifically alleged how a comparator outside of the protected group was similarly situated, but granting motion to dismiss as to generalized claim that women employees were treated in a harsher way than male employees).

In sum, any disparate treatment claim fails because Plaintiff has failed to adequately plead any "discriminatory intent or motive" on Delta's part. *See Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 986 (1988). Plaintiff's extreme, conclusory allegations, such as that "[Delta] supports workplace violence and discriminatory acts on people who belong to demographic groups and protective classification[s] that [it] do[es] not like," ECF No. 7 at 11, will not do, as "bald assertions of discrimination—unsupported by any meaningful comments, actions, or examples of similarly-situated persons outside of plaintiff's protected class being treated differently—[are] implausible and insufficient to survive a motion to dismiss." *See De La Pena*, 552 F. App'x at 100. This is true even under the NYSHRL and the NYCHRL, where a plaintiff must still "allege facts that plausibly show discriminatory animus." *See Cruz*, 2021 WL 3604661, at *6.

## C. Plaintiff Fails to State a Retaliation Claim

Finally, Plaintiff raises a retaliation claim: "When Plaintiff engaged in protected activity by complaining about the discrimination and harassment to which he was subjected to, [Delta] unlawfully retaliated against him by denying [him] his salaries and wages for the days [sic] work, manipulating the outcome of the investigation[,] launching an investigation outside and opposite of the scope of the initial investigation and concerns, [and] placing him out of service and the ability to return to work despite his full compliance with all directives." ECF No. 1-2 ¶ 35. In his Opposition, Plaintiff contends that Delta engaged in "intense retaliatory action . . .

when [Delta] learned of the two letters that [Plaintiff] wrote to [Delta's CEO]."  ECF No. 7 at 11.

To state a Title VII retaliation claim, Plaintiff must plausibly allege that "(1) [Delta]

discriminated—or took an adverse employment action—against him, (2) because he has opposed

any unlawful employment practice."  *Vega*, 801 F.3d at 90.  To establish causation, Plaintiff

"must plausibly plead a connection between the act and his engagement in protected activity."

*Id.*

      Plaintiff's retaliation claim fails because, even assuming that he engaged in protected

activity as needed to state a Title VII claim, he does not adequately allege any causal relationship

between such conduct and his termination.  First, Plaintiff alleges that he was already suspended

at the time he wrote to Delta's CEO.  *See* ECF No. 1-2 ¶¶ 25, 27.  As Delta rightly argues,

Plaintiff cannot adequately allege causation when "the alleged adverse action began before the

asserted protected activity."  *See* ECF No. 8 at 7 (Delta's Reply) (emphasis omitted); *see also*

*Lioi v. N.Y.C. Dep't of Health & Mental Hygiene*, 914 F. Supp. 2d 567, 593 (S.D.N.Y. 2012) (no

inference of discrimination where plaintiff was already suspended at the time she raised her

complaints and temporal proximity was the only basis for retaliation claim).  Relatedly, the mere

fact that Delta fired Plaintiff after he raised concerns is insufficient, particularly where Plaintiff's

own allegations demonstrate a non-retaliatory basis for his firing—*i.e.*, that he was involved in

an altercation at work.  *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 252 (E.D.N.Y. 2015)

(finding that plaintiff's concession that he was under investigation at the time of firing "wholly

undermine[d]" his use of temporal proximity between his protected activity and firing to

establish causation under Title VII); *Hunley v. DTLR Villa, Inc.*, 602 F. Supp. 3d 424, 427

(W.D.N.Y. 2022) ("[T]he fact that an employee complained about *something* at some point,

without more, does not plausibly suggest that any subsequent adverse actions were retaliatory.");

*see also Powell v. Merrick Acad. Charter Sch.*, No. 16-cv-5315, 2018 WL 1135551, at *7–8 (E.D.N.Y. Feb. 28, 2018) (a plaintiff who included in her pleading an obvious alternative explanation for her termination had "undermined her own cause by alleging facts that refute any inference of discrimination").[5]

This conclusion is also fatal to his retaliation claims under the more relaxed NYSHRL and NYCHRL provisions.  Under those statutes, Plaintiff need not allege that Delta took an adverse employment action against him; rather, he need only "show[] that something happened that was reasonably likely to deter a person from engaging in protected activity." *Hadestown*, 2024 WL 989843, at *6.  And at least under the NYCHRL, and potentially also the NYSHRL, a plaintiff need not allege but-for causation, and it is sufficient to allege that "retaliatory animus played *some* role in the employer's decision." *See Gooden v. Joseph P. Addabbo Fam. Health Ctr.*, No. 21-cv-6313, 2023 WL 2709735, at *5 (E.D.N.Y. Mar. 30, 2023).  Plaintiff fails to clear even that low bar, raising no non-conclusory allegations of retaliatory animus.  As previously discussed, Plaintiff has failed to allege *any* causation, and without any "connect[ion] to his protected activity," his NYSHRL and NYCHRL claims fail.  *See Antrobus v. City of New York*,

---

[5]    In his Opposition, Plaintiff obliquely suggests that Delta's termination of his employment was pretext for alleged discrimination.  *See* ECF No. 7 at 11.  Citing *Lander v. Hodel*, No. 85-cv-3833, 1988 WL 122580 (D.D.C. Nov. 7, 1988), Plaintiff argues that "[r]esponding to an employment situation in a manner that deviates from the ordinary policy of the employer may also evidence an unlawful motive." *See* ECF No. 7 at 11.  The only support for such claim is the conclusory allegation that Delta "administered harsh and unfair practices, regarding the inconsistent application of employee internal policy/procedures." *See id.*  As previously explained, that vague and generalized complaint does not render Plaintiff's claim of discrimination plausible.  In any case, the heart of Plaintiff's grievance appears instead to be that Delta did not cite a specific policy when it informed Plaintiff of his termination. *See id.*  But that expresses dissatisfaction with Delta's termination process as opposed to the inconsistent application of that process to Plaintiff.  No civil rights statute permits the Court to impose human resources requirements on Delta in the way Plaintiff seems to demand.

No. 19-cv-6277, 2022 WL 4643018, at *8 (E.D.N.Y. Sept. 30, 2022) (dismissing NYSHRL and

NYCHRL retaliation claims); *Gooden*, 2023 WL 2709735, at *6 (same).

## II.     Plaintiff Has Failed to Plead Sufficiently That He Was Discriminated Against Because of an Alleged Disability Under Any Statute

The ADA provides that "[n]o covered entity shall discriminate against a qualified

individual on the basis of disability in regard to job application procedures, the hiring,

advancement, or discharge of employees, employee compensation, job training, and other terms,

conditions, and privileges of employment."  42 U.S.C. § 12112(a).  Disability is defined in the

statute as "(1) a physical or mental impairment that substantially limits one or more major life

activities of [an] individual; or (2) a record of such an impairment; or (3) being regarded as

having such an impairment."  *Id.* § 12102(1).   To make out a *prima facie* case of disability

discrimination, a plaintiff must show that (1) the employer is subject to the ADA; (2) the plaintiff

was a person with a disability within the meaning of the ADA; (3) the plaintiff was otherwise

qualified to perform the essential functions of her job, with or without reasonable

accommodation; and (4) the plaintiff suffered an adverse employment action because of her

disability.  *See McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013).

At the pleading stage, a plaintiff does not need to allege specific facts establishing each

element of a *prima facie* case of discrimination.  *Vega*, 801 F.3d at 86–87; *see also Thomson v.*

*Odyssey House*, No. 14-cv-3857, 2015 WL 5561209, at *16 (E.D.N.Y. Sept. 21, 2015) (applying

the analysis employed in Title VII discrimination claims to an ADA discrimination case and

noting that "[a]s with Title VII discrimination claims, . . . a plaintiff need not specifically plead

each and every element of a prima facie case of discrimination to survive a motion to dismiss"),

*aff'd*, 652 F. App'x 44 (2d Cir. 2016).  But a complaint must have facts that "plausibly

support[]" that "the plaintiff is a member of a protected class, was qualified, suffered an adverse

employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Johnson*, 638 F. App'x at 70.  As with discrimination claims based on race and sexual orientation, courts now view NYSHRL and NYCHRL claims similarly, with the NYCHRL providing the broadest basis of liability.  *See Weekes v. JetBlue Airways Corp.*, No. 21-cv-1965, 2022 WL 4291371, at *7 (E.D.N.Y. Sept. 16, 2022).  But "[e]ven under this more forgiving pleading standard, a plaintiff must still plausibly allege that he was treated less well at least in part *because* of his belonging to a protected class."  *Id.*

Although Plaintiff bears a *de minimis* burden to establish his prima facie case and the Complaint does state the nature of his claimed disability—namely, that he suffered from post-traumatic stress disorder ("PTSD") following several assaults that occurred prior to his Delta employment, as well as surgeries, ECF No. 1-2 ¶ 23—neither the Complaint nor the Opposition contains a single factual allegation showing how that alleged disability motivated, in any way, an adverse employment action against him.  Notably, neither the Complaint nor the Opposition alleges that Defendant was aware that Plaintiff had PTSD.  Nor did either letter that Defendant sent to Delta's CEO, which contained many details about Plaintiff's views on his workplace, mention PTSD or another disability.  *See generally* ECF No. 1-2 at 23–27, 30–31 (Ex. F to Complaint).  Further, the fact that Plaintiff allegedly told management that he was previously a victim of several assaults does not establish notice of his disability.  *See Vaigasi v. Solow Mgmt. Corp.*, No. 11-cv-5088, 2017 WL 945932, at *7 (S.D.N.Y. Feb. 16, 2017) ("[A]n employer's awareness that a plaintiff suffered some injury does not establish that an employer had notice that the plaintiff was disabled."), *aff'd*, 750 F. App'x 37 (2d Cir. 2018).  Nor does, of course, the fact that the workplace altercation may have "trigger[ed] [Plaintiff's] PTSD."  *See* ECF No. 1-2 ¶ 23.  Failure to allege that Delta had notice of Plaintiff's disability within the meaning of the

ADA is fatal to his claim.  *See Felix v. N.Y. City Transit Auth.*, 154 F. Supp. 2d 640, 657

(S.D.N.Y. 2001) ("Obviously, an employer who acts or fails to act without knowledge of a

disability cannot be said to have discriminated based on that disability."), *aff'd*, 324 F.3d 102 (2d

Cir. 2003); *Vaigasi*, 2017 WL 945932, at *7.

      Failure to allege that Delta was on notice of Plaintiff's disability also requires dismissal

of disability discrimination claims under the NYCHRL.  This case is similar to *Cadet v. Alliance

Nursing Staffing of New York, Inc.*, in which a plaintiff alleged in a "single statement" that she

informed her employer that she had been "traumatized" due to an experience as a home health

aide, and her manager affirmed that plaintiff had gone through a "scary experience."  632 F.

Supp. 3d 202, 238 (S.D.N.Y. 2022).  The court concluded that such allegations neither

adequately suggested that the plaintiff had a disability nor provided "[]sufficient notice of a

covered disability," and dismissed the NYCHRL claim.  *Id.*  In this case, where Plaintiff's

allegations concerning his disability are even thinner than those in *Cadet*, dismissal of his

NYSHRL and NYCHRL claims is appropriate.  *See Amley v. Sumitomo Mitsui Banking Corp.*,

No. 19-cv-3777, 2021 WL 4429784, at *21 (S.D.N.Y. Sept. 27, 2021) (applying *Vaigasi*'s notice

requirement to a NYSHRL claim).

      Even if the allegations in the Complaint supported an inference that Delta was aware of

Plaintiff's PTSD, Plaintiff nevertheless fails to plead how his alleged disability was a motivating

factor in any adverse employment action taken against him, and thus has not stated a plausible

ADA claim.  *See Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) ("In order to establish a

prima facie case of employment discrimination under the ADA, . . . a plaintiff must adequately

plead that he [suffered an adverse employment action] because of a qualifying disability.");

*Thomson*, 2015 WL 5561209, at *16 (to survive a motion to dismiss, a plaintiff bringing a

discrimination claim under the ADA must allege facts that show any adverse action taken against him "was taken *because of* h[is] disability or perceived disability" and dismissing claims where plaintiff "failed to present any allegations that would give rise to the inference that h[is] alleged disability or perceived disability played a motivating role" in plaintiff's termination).  Not one allegation among the handful of claims related to Plaintiff's disability, *see, e.g.*, ECF No. 1-2 ¶¶ 36–37, ECF No. 7 at 9, 12, comes close to plausibly alleging that the disability was a "motivating factor" as needed to state an ADA intentional discrimination claim, *see Tsombanidis v. West Haven Fire Dep't*, 352 F.3d 565, 579 (2d Cir. 2003), nor that there was a "causal connection between the protected activity and the adverse employment action" as needed to state an ADA retaliation claim, *see Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999).  Plaintiff's claim that he is disabled, "something bad happened to [him] at work," and "therefore the bad thing happened because" of his disability, is a "false syllogism" and does not state a claim.  *See Ochei v. The Mary Manning Walsh Nursing Home Co.*, No. 10-cv-2548, 2011 WL 744738, at *3 (S.D.N.Y. 2011).  The same reasoning is fatal to his NYSHRL and NYCHRL claims.  Despite their breadth, the statutes still require plaintiff to adequately plead that Delta acted with a "discriminatory motive."  *See Weekes*, 2022 WL 4291371, at *7.  He has not done so.

### III.   Plaintiff Fails to Plausibly Allege Wage and Hour Violations

Plaintiff does not explicitly raise any federal or state wage and hour claims in his Complaint or Opposition, but did mention the FLSA in his email to Delta's CEO, a copy of which Plaintiff attached to his Complaint.  ECF No. 1-2 at 30.  He also repeatedly refers to unpaid wages throughout his pleadings.  *E.g.*, ECF No. 1-2 ¶¶ 27, 30–31, 35; *id.* at 30, 32–33; ECF No. 7 at 10–11.  Conscious of its obligation to read Plaintiff's submissions "liberally" and to interpret them to "raise the strongest argument that they suggest," the Court also considers

potential claims under the FLSA and NYLL for unpaid wages.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("[T]he court's imagination should be limited only by [a *pro se* plaintiff's] factual allegations, not by the legal claims set out in his pleadings.").  Plaintiff's core allegation appears to be that he was not paid for two days of work in the period before Delta suspended him.  *See* ECF No. 1-2 at 36; *id.* ¶ 31.

The FLSA allows for the recovery of unpaid minimum wages, 29 U.S.C. §§ 206(a), 216(b), and the NYLL allows for the recovery of unpaid wages more generally, N.Y. Lab. Law § 198(3); *see also Santillan v. Henao*, 822 F. Supp. 2d 284, 292–93 (E.D.N.Y. 2011) (explaining the relationship between the FLSA and NYLL).  But Plaintiff's scattershot, passive references to unpaid wages do not plausibly allege a FLSA nor a NYLL violation, and the Court "lacks sufficient facts about [Plaintiff's] working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period."  *See Serrano v. I. Hardware Distribs., Inc.*, No. 14-cv-2488, 2015 WL 4528170, at *4 (S.D.N.Y. July 27, 2015).  Plaintiff's "[c]onclusory allegations that [Delta] failed to pay [him] for all hours worked . . . do[es] not create a plausible claim."  *See Henao v. Parts Auth., LLC*, No. 19-cv-10720, 2020 WL 5751175, at *4 (S.D.N.Y. Sept. 25, 2020).  Accordingly, any FLSA or NYLL claims are dismissed.  *See Casci v. Nat'l Fin. Network*, No. 13-cv-1669, 2015 WL 94229, at *4 (E.D.N.Y. Jan. 7, 2015) (considering FLSA and NYLL minimum wage claims together, dismissing both because it was "impossible" for the court to infer violations due to the absence of facts "concerning the amount of compensation plaintiff actually received," and denying leave to amend).

## IV.   The Court Declines to Grant Plaintiff Leave to Amend

Plaintiff does not seek leave to amend.  However, because he is representing himself, the Court nevertheless has considered whether further amendment here is warranted.  Although the

Second Circuit "strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)," the Court declines to grant Plaintiff what would effectively be a third opportunity to amend his Complaint. *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022) (affirming denial of leave to amend). "A court should freely give leave when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (affirming denial of leave to amend). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021) (affirming denial of leave to amend).

Here, in its May 4, 2023, Order, the Court provided Plaintiff with a clear and unambiguous warning that his Complaint was deficient based on the arguments raised in Defendant's premotion letter, and gave Plaintiff an opportunity to cure those deficiencies by amending his Complaint. Plaintiff did not take advantage of this opportunity. Then, in his Opposition, Plaintiff largely repeated the same conclusory allegations from his Complaint, but also asserted additional facts, *see* ECF No. 7 at 9–12, and included new exhibits, *see, e.g.*, *id.* at 41 (Ex. I to Opposition), which I have considered as a further amendment to the Complaint.

As an initial matter, the fact that the Opposition neither seeks leave to amend, nor explains how Plaintiff would amend further to provide additional facts not already set forth in the Opposition is sufficient reason by itself to deny leave to amend. *See Gregory v. ProNAi Therapeutics Inc.*, 757 F. App'x 35, 39 (2d Cir. 2018) (affirming denial of leave to amend where "plaintiffs sought leave to amend in a footnote at the end of their opposition to defendants' motion to dismiss" and "included no proposed amendments"); *Harris v. Mondelēz Glob. LLC*,

No. 19-cv-2249, 2020 WL 4336390, at *3 (E.D.N.Y. July 28, 2020) (denying leave to amend because plaintiff "offer[ed] no explanation of what new allegations might be added"); *Hawkins v. Coca-Cola Co.*, No. 21-cv-8788, 2023 WL 1821944, at *10 (S.D.N.Y. Feb. 7, 2023) (denying leave to amend where plaintiff amended the complaint once after a pre-motion conference and "ha[d] failed to otherwise suggest that she is in possession of facts that would cure the deficiencies that [d]efendants highlighted in the instant motion and that the [c]ourt highlighted in [its] [o]pinion"). "[L]eave to amend is properly denied where," as here, "all indications are that the *pro se* plaintiff will be unable to state a valid claim." *Jahad v. Holder*, No. 19-cv-4066, 2023 WL 8355919, at *10 (S.D.N.Y. Dec. 1, 2023). In any event, because I have considered the allegations raised for the first time in the Opposition as if they were included in a formal amended complaint, Plaintiff has effectively already been given a second opportunity to amend. *See McKeever v. Singas*, No. 17-cv-4996, 2022 WL 5430426, at *2, *15 (E.D.N.Y. June 16, 2022) (considering allegations raised for the first time in *pro se* plaintiff's opposition in deciding a motion to dismiss and denying plaintiff leave to file a third amended complaint), *report and recommendation adopted as modified*, 2022 WL 4095558 (E.D.N.Y. Sept. 7, 2022).

## CONCLUSION

For the foregoing reasons, the motion to dismiss, ECF No. 5, is GRANTED. The Clerk of Court is directed to mail a copy of this Order to the *pro se* Plaintiff and to enter judgment and close this action. In addition, on or before March 22, 2024, Defendant is directed to send, via email to the email address listed in Exhibit E to Plaintiff's Complaint and mail to Plaintiff's last known mailing address, copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), and to submit to the Court at that time proof of service.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal.  *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

 */s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
March 15, 2024